IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 08-62888 |
| | ) | |
| SIOBHAN KAY BERRESFORD | ) | CHAPTER 7 |
| | ) | |
| Debtor | ) | JUDGE RUSS KENDIG |
| | ) | |

OBJECTION TO DEBTOR'S
MOTION TO REOPEN CASE AND TO AVOID LIEN

Now comes the creditor, First Ohio Community Federal Credit Union ("Credit Union"), by and through its undersigned attorney and hereby files its objection to the Debtor's Motion to Reopen Case and Motion Avoid Lien under 11 U.S. Code Section 522(f).

FACTS

The Debtor filed a Chapter 7 bankruptcy case on August 29, 2008. The Credit Union was listed as an unsecured creditor on Schedule F. The Credit Union was also listed on page 2 of the Statement of Affairs under question 4, Suits and Administrative Proceedings, Executions, Garnishments and Attachments. Subsequently, the Debtor was discharged on February 27, 2009 with the case being closed on March 12, 2009.

The Creditor obtained judgment in the Canton Municipal Court on June 23, 2008 and filed their Certificate of Judgment for Lien with the Stark County Common Pleas Court on July 23, 2008. Said Certificate of Judgment for Lien was then renewed on May 15, 2013.

On or about October 19, 2017 the Cornerstone Title Company requested the amount necessary to pay the Credit Union's lien in full.

This Creditor objects to said motions based upon the fact that the Debtor failed to avoid the lien during the Chapter 7 bankruptcy proceeding and did not move to reopen and avoid the lien until the Debtor sold her real property approximately eight years later.

## LAW AND ANALYSIS

Several courts have reviewed and ruled on the issue regarding laches and reopen case to avoid lien.

*In re Wilding*, 475 F.3d 428, 433-434 (1st Cir.2007)(states that it is within the bankruptcy court's discretion on remand to condition reopening to avoid demonstrable prejudice to creditor from belated avoidance of a judicial lien).

Courts will not generally reopen a case if doing so will unduly prejudice the affected creditor. *See, e.g., In re Bianucci*, 4 F.3d 526 (7th Cir.1993) ("[A] debtor may reopen the bankruptcy case at any time to avoid a lien absent a finding of prejudice to the creditor."); *In re Oster*, 293 B.R. 242, 246 (Bankr.E.D.Cal.2003) ("The remedy under section 522(f)(1) may be exercised at any time, even after the case has been closed and reopened, absent actual prejudice to the creditor, to protect an exemption that was properly claimed."). Additionally, "[a] recognized limitation on the granting of motions to reopen for lien avoidance is the doctrine of laches [,] . . . which allows a court to dismiss an action when there exists inexcusable delay in instituting *507 an action and prejudice to the non-moving party as a result of the delay." *In re Levy*, 256 B.R. 563, 567 (Bankr.D.N.J.2000). "As a general rule, courts will apply the doctrine of laches when the following two elements are present: (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense. " *Frasier*, 294 B.R. at 368 (citing *Costello v. United States*, 365 U.S. 265, 81 S. Ct. 534, 543, 5 L. Ed. 2d 551 (1961)). In other words, when a debtor seeks to reopen a case to avoid a lien under § 522(f), the appropriate inquiry is "whether the delay associated with the reopening of the case is accompanied by a demonstration of prejudice to the creditor as a result to the debtor's conduct." *Frasier*, 294 B.R. at 367. "But delay may be prejudicial when it is combined with other factors."

*Bianucci*, 4 F.3d at 528. When the creditor is prejudiced in other ways, the factors may be combined to preclude reopening the case. In making its decision, the court should look to the equities of the case, including the consideration of other factors such as whether the creditor incurred any expenses, whether the creditor was secured or unsecured, whether the creditor's prejudice may be cured, the debtor's conduct, and "[t]he strong policy and purpose of the bankruptcy laws in ensuring 'prompt and effectual administration and settlement of the estate' requir[ing] that an interested person, including the debtor, act promptly to preserve its rights." *Frasier*, 294 B.R. at 368-69 (quoting In re *Jackson*, 144 B.R. 853, 854 (Bankr.W.E.Ark.1992)); *see also Nobel v. Yingling*, 29 B.R. 998, 1003 (D.Del.1983) (including among its equitable factors the time between discharge and the attempts to avoid the lien, reason for the delay, prejudice to the creditor, and any good faith issues).

Courts have ruled that creditor's action to enforce their lien, after the entry of discharge or closing of the case, constitutes sufficient detrimental reliance to bar a debtor's exercise of the right to avoid a lien under section 522(f). *In re Hawkins*, 727 F.2d 324 (4th Cir. 1984) (affirming a decision denying a motion to reopen case to avoid a judicial lien where eight months had elapsed since the case was closed and the creditor had incurred court costs and attorney fees in commencing foreclosure); *In re Dryja*, 320 B.R. at 652-53 (denying motion to reopen under equitable doctrine of laches due to the debtor's delay in filing the motion and resulting prejudice to the creditor); *In re Tarkington*, 301 B.R. at 509 (same); *In re Serafini*, 30 B.R. 606 (Bankr. W.D.Pa. 1983), *aff'd*, 41 B.R. 880 (W.D. Pa. 1984); *cf.In re Blossom*, 57 B.R. 285 (Bankr. N.D. Ohio 1986) (case involving creditor omitted from schedules).

## DISCUSSION

It is the Credit Union's positon that this case not be reopened or avoid the lien for the reason that by doing so will unduly prejudice them as a creditor. Credit Union requires the Court to apply the doctrine of laches due to the fact that the Debtors lack of diligence along with the Credit Union being prejudice.

The delay by Debtor to reopen the case to avoid a lien under Section 522(f), is accompanied by a demonstration of prejudice to Credit Union as a result of Debtor's conduct. The original Certificate of Judgment for Lien was filed with the Stark County Common Pleas Court on July 23, 2008 with it being renewed on May 15, 2013. The original Certificate of Judgment for Lien was recorded with the Stark Count Common Pleas Court prior to the bankruptcy case being filed in which due diligence would have allowed the Debtor sufficient time to file their Motion to Avoid Lien, that between the bankruptcy case being filed (August 29, 2008), Debtor being discharged (February 27, 2009), and the bankruptcy case being closed (March 12, 2009). Furthermore, the Certificate of Judgment for Lien being renewed on May 15, 2013 would again put the Debtor on notice that the lien still existed and was of record.

On October 31, 2017, Debtor files their Motion to Reopen and Motion to Avoid Lien. These motions are approximately nine years and two months after the bankruptcy case being filed, approximately eight years and eight months after the Debtor was discharged, and approximately eight years and nine months after the bankruptcy case being closed. During that time period Credit Union incurred additional court costs, attorney fees and other expenses that clearly prejudice Credit Union. Furthermore, the Debtor gives no valid reason for the delay in which the equitable doctrine of laches applies due to the debtor's delay in filing the motions.

The purpose of the bankruptcy laws in ensuring prompt and effectual administration and settlement of the estate requiring that an interested person act promptly to reserve its rights. It is clear that debtor has violated this fundamental policy to the detriment of Credit Union, in which the Credit Union's prejudice may not be cured.

Based upon the request by Cornerstone Title Company, on October 19, 2017, it is clear that Debtor has sold the real property. Credit Union will be required to bear a substantial prejudice if the case is reopened for the purpose of avoiding a lien. Credit Union has already incurred attorneys' fees and additional costs for defending the motions. There are several legal issues that would need to be addressed regarding the Motion to Avoid Lien. Valuation issues arise which will require additional expense imposed on Credit Union to defend.

The case of *In re Caicedo*, 159 B.R. 104, 107 (Bankr.D.Conn.1993)

> The apparent relative expense to which [the Credit Union] would be put to secure an appraisal based upon values in [2000] and to confirm the balances to prior liens, in light of the amount of the lien in issue, constitutes a form of prejudice directly related to the debtor's delay. I do not believe it is an unfair burden on a debtor who expects to exempt and retain her homestead to require that she either exercise great care in ascertaining and listing the liens on the homestead or seek to remedy the omission of such liens sooner than [seventeen months] after the closing of the case.

Several factors would need to be considered regarding the real property, which would include but not be limited to, appraisal based upon values when bankruptcy case was originally filed, confirming balance to prior liens, present value and proceeds from the sale of the real property.

WHEREFORE, this Creditor respectfully requests this honorable Court to deny the Debtor's Motion to Reopen Case and Motion Avoid Lien under 11 U.S. Section 522(f).

DATED: November 16, 2017.

/s/ Stephen A. Ginella, Jr.
Stephen A. Ginella, Jr. (0037867)
Attorney for Creditor, First Ohio
Community Federal Credit Union
3600 Cleveland Avenue NW
Suite 6
Canton, Ohio 44709
Telephone: (330) 492-3636
Facsimile: (330) 492-3637
E-mail: ginellalaw@gmail.com

CERTIFICATE OF SERVICE

I certify that a copy has been furnished either by electronic or standard first class mail on November 16, 2017 to Edwin H. Breyfogle, Attorney for Debtor, 108 Third Street NE, Massillon, Ohio 44646.

/s/ Stephen A. Ginella, Jr.
Stephen A. Ginella, Jr. (0037867)
Attorney for Creditor, First Ohio
Community Federal Credit Union