**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Dated: 10:58 AM February 5, 2018**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| SIOBAHN KAY BERRESFORD, | ) | CASE NO. 08-62888 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

Debtor reopened her case to avoid a judgment lien held by First Ohio Community Federal Credit Union ("First Ohio"). First Ohio opposes Debtor's belated attempt to avoid its judgment lien. The court held a hearing on January 16, 2018.

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered by The United States District Court for the Northern District of Ohio on April 4, 2012. Gen. Order 2012-7. The court has authority to issue final orders in this matter. Pursuant to 11 U.S.C. § 1409, venue in this court is proper. The following constitutes the court's findings of fact and conclusions of law under Bankruptcy Rule 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

## FACTS

The facts are not in dispute. On August 29, 2008, Debtor filed a chapter 7 petition. She listed her one-half ownership interest in her residence at 745 McKinley Ave., S.W., Brewster, Ohio on Schedule A. Relying on the county auditor, she valued the real estate at $84,100.00 and claimed a $5,000.00 homestead exemption in the property under O.R.C. § 2329.66(A)(1). She also identified a $92,058.00 mortgage on the property in favor of National City Mortgage on Schedule D. First Ohio was listed as an unsecured creditor on Schedule F with a debt of $5,142.00. First Ohio's attorney, the late Dale B. Kincaid, was also notified of the bankruptcy.

At the time of the filing, First Ohio had an open civil case in Canton municipal court against Debtor, which she disclosed on the Statement of Financial Affairs. First Ohio obtained a judgment in June 2008 and filed a certificate of lien with the Stark County Common Pleas Court on July 23, 2008. It renewed its lien on May 15, 2013.

Debtor did not take any action regarding the judgment lien while her case was pending in 2008-2009. She received a discharge on February 27, 2009. The lien became an active problem for Debtor in 2017 during a sale of the property. She filed a motion to reopen her case, which the court granted on October 31, 2017, followed by a motion to avoid the lien under 11 U.S.C. § 522(f).

## DISCUSSION

The court *sua sponte* granted Debtor's motion to reopen her case and First Ohio later objected to both reopening and lien avoidance. Whether framed as a motion to reconsider the reopening or an objection to lien avoidance, the leading question is whether laches prevents Debtor from pursuing avoidance of the lien more than eight years after discharge and case closing. First Ohio claims it will be unduly prejudiced by belated avoidance and argues Debtor presented no justification for her delay. Debtor contends First Ohio's prejudice is minimal and it can be adequately compensated.

First Ohio cites multiple cases where courts have considered similar fact patterns. (Obj. to Debtor's M. Reopen and to Avoid Lien, ECF No. 30) Courts in this circuit routinely consider the equities involved, noting 'this equitable policy, which favors debtors, must be tempered by considering the position of creditors . . . Where a creditor has [detrimentally changed its position], it becomes necessary to balance the parties' competing equities.' In re Harvey, 245 B.R. 834, 836 (Bankr. W.D. Ky. 1999) (citing Rheinbolt v. Credit Thrift of America, Inc., 24 B.R. 167, 170 (Bankr. S.D. Ohio 1982)). "When a debtor seeks to reopen a case to avoid a lien under § 522(f), the appropriate inquiry is 'whether the delay associated with the reopening of the case is accompanied by a demonstration of prejudice to the creditor as a result of the debtor's conduct.'" In re Tarkington, 301 B.R. 502 (Bankr. E.D. Tenn. 2003) (citing In re Frasier, 294 B.R. 362, 367 (Bankr. D. Colo. 2003)); In re Oglesby, 519 B.R. 699 (Bankr. N.D. Ohio 2014). The court must therefore consider the cause of the delay as well as the prejudice to First Ohio.

Debtor offers no explanation for the delay. The facts show Debtor was aware of First Ohio's pending civil case and recorded the lien before Debtor filed bankruptcy. The court is convinced that Debtor fully disclosed what she knew at the time of filing but, for reasons unknown, was not aware of the lien. There is no suggestion of chicanery. Consequently, while there is discernible delay, Debtor's conduct is not the cause of additional prejudice.

Although Debtor's conduct was not egregious, the delay carries inherent prejudice. Often, courts look unfavorably on delays of this length. In re Bianucci, 4 F.3d 526 (7th Cir. 1993) In re Hunter, 164 B.R. 738 (Bankr. W.D. Ky. 1994) *overruled* In re Harvey, 245 B.R. 834 (W.D. Ky. 1999); In re Caicedo, 159 B.R. 104 (Bankr. D. Conn. 1993). However, 'passage of time in itself does not constitute prejudice,' it is the combination of delay and other factors that creates prejudice. In re Dean, 2016 WL 3766091, *3 (Bankr. M.D.N.C. 2016) (citing Bianucci, 4 F.3d 526, 528-29); Oglesby, 519 B.R. 699, 705. On its own, even a delay of this length is not sufficient to stop Debtor from pursuing lien avoidance.

Other prejudice does exist. Although nominal, First Ohio did go to the effort and expense of renewing the lien in 2013. The court finds these amounts are easily calculable and compensable. More concerning is the difficulty and expense of getting a 2008 appraisal value of property. In re Bradley, 369 B.R. 147, 155 (Bankr. S.D.N.Y. 2007) (stating "it is more likely that the creditor will incur substantial expenses to obtain a historical appraisal regarding the value of the homestead property as of the filing date") (citing In re Levy, 256 B.R. 563, 566 (Bankr. D. N.J. 2000)). Two factors further complicate a historical appraisal. First, Debtor only has possession of the property for a short time before the sale closes. Second, Debtor added a $50,000 great room onto the residence after the bankruptcy case.

First Ohio argues that it has already incurred fees and expenses defending this matter and those fees and expenses will increase in obtaining an appraisal, confirming lien balances as of the original filing, and more. As Debtor points out, some of this work would have been required if the motion to avoid was timely filed and should not be counted as prejudicial. Debtor's position is partially meritorious but, as pointed out above, finding the historical values is more involved and therefore costly.

Upon full consideration of the interests of both parties, the court is willing to allow Debtor to proceed but she will be required to bear costs in order to minimize the prejudice to First Ohio. At a minimum, Debtor will be required to reimburse First Ohio for any fees and costs that it incurred after the bankruptcy case closed related to renewal of the judgment lien in 2013. Additionally, Debtor shall pay twenty-five percent (25%) of any reasonable costs First Ohio expends in obtaining a historical appraisal of the property. First Ohio also will have the ability to move the court for additional fees and expenses for unanticipated, prejudicial expenses that may arise.

A further pretrial will be scheduled to direct further action in this case. An order will be entered immediately.

#        #        #

**Service List:**

Siobhan Kay Berresford
745 McKinley Ave SW
Brewster, OH 44613

Edwin H. Breyfogle
108 Third Street NE
Massillon, OH 44646

Stephen A. Ginella, Jr.
3600 Cleveland Ave NW
Suite 6
Canton, OH   44709